## MILLER et al. v. LETZERICH et al.*
### (No. 7062.)

(Court of Civil Appeals of Texas. Austin. Jan. 19, 1927. Rehearing Denied Feb. 23, 1927.)

Waters and water courses ☜124 — Landowner may enjoin neighbor's diversion of surface drainage from natural flow into lake over his lands (Vernon's Ann. Civ. St. Supp. 1918, art. 5011t).

Where landowner diverted natural surface flow of waters from lake on his land and cause same to flow through ditch onto cultivated lands of adjoining landowner at one point, adjoining landowner *held* entitled to injunction to compel him to restore surface drainage to its former natural flow into lake under Acts 1st Called Sess. 1915, c. 7, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 5011t), relating to diversion of surface waters.

Error from District Court, Fayette County; M. C. Jeffrey, Judge.

Suit by Henry Letzerich and others against Ike Miller and others. From an order making permanent a temporary injunction, defendants appeal. Affirmed.

H. R. Clark, of La Grange, for plaintiffs in error.

Moss & Lowrey, of La Grange, for defendants in error.

BAUGH, J. This is an appeal from an order of the district court of Fayette county making permanent a temporary injunction. The injunction was sought and granted on the grounds that the defendants, plaintiffs in error here, had violated the provisions of the Act of May 29, 1915, c. 7, § 1, brought forward in the 1918 Supplement to Vernon's Sayles' Civil Statutes as article 5011t. The portion of this act involved here reads as follows:

"That it shall hereafter be unlawful for any person, firm or private corporation to divert the natural flow of the surface waters in this state or to permit a diversion thereof caused by him to continue after the passage of this act, or to impound such waters, or to permit the impounding thereof caused by him to continue after the passage of this act, in such a manner as to damage the property of another, by the overflow of said water so diverted or impounded, and that in all such cases the injured party shall have remedies in both law and equity, including damages occasioned thereby, provided that the passage of this act shall in no way affect the construction and maintenance of levees and other improvements for the purpose of controlling floods, overflows and freshets in rivers, creeks and streams, nor the construction of canals for the purpose of conveying waters for irrigation."

The following facts appear to be undisputed: Isley was the owner of, and Miller was his tenant upon, about 318 acres of land in Fayette county situated just north of and adjoining 175 acres owned by the Letzerichs. On the Isley land was situated a natural shallow lake, covering about 100 acres of land into which flowed the surface waters from several thousand acres on the north and west thereof. The Letzerich lands south and southwest of said lake were practically level and only slightly lower than the lev l of the lake. The lake appears to have held the normal surface flow from ordinary ·rains, but when heavy rains fell it overflowed. This overflow began escaping first to the southwest across Isley's land, thence on down upon and across the Letzerich lands.

The obstruction and diversion complained of consisted of a ditch along the west side of said lake for a distance of approximately 1,000 feet, running to the southwest with a levee on the east or lake side of said ditch, varying in height from 5 feet to 18 inches, and then continued with embankments on both sides of such ditch in a southerly direction up to the line of Letzerichs' lands.

The issue before us is whether or not there was sufficient evidence to sustain the judgment of the trial court that the plaintiffs in error have violated the provisions of the act quoted. The statement of facts is somewhat long, and is accompanied by a contour map, explained by the engineer who made it. We do not deem it necessary to set out the testimony here, but a careful reading thereof in connection with the map discloses ample evidence upon which the trial court could conclude that the ditch and levee constructed by the defendants did divert the normal and natural surface flow of the waters from the lake and cause same to flow through said ditch onto the cultivated lands of the Letzerichs at one point; that prior to the construction of the ditch and levee only the overflow from the lake ran across the plaintiffs' lands in any event, and that such overflow escaped gradually over a wide area, but that since the construction of the ditch all of the surface waters from the west and north of the lake, which formerly flowed into the lake, were diverted from said lake and caused to flow upon the plaintiffs' lands at one point. Letzerich testified that as diverted and concentrated such waters would cut a channel through his farm, overflow it in places where it had not been overflowed, cause "washes" in the field, and otherwise injure said lands.

The injunction did no more than compel the plaintiffs in error to restore the surface drainage to its former natural flow into the lake, and to permit the overflow from the lake to escape over the natural surface, instead of confining it to one channel.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted April 20, 1927.